In the Matter of the Application of Edward A. Hayes, Appellant, for an Alternative Writ of Mandamus.

Bird S. Coler, Comptroller of the City of New York, and the Finance Department of the City of New York, Respondents.

*Accountant appointed by the comptroller of New York city — what act in accepting another position is an abandonment of the first one.*

An assistant expert accountant appointed, under chapter 669 of the Laws of 1897, by the comptroller of the city of New York, whose position, after his appointment, was decided by the State Civil Service Commission, appointed under chapter 370 of the Laws of 1899, to have been provisional and temporary, who thereafter accepted a temporary appointment to that position, made under rule 34 of the civil service rules, and subsequently submitted to a competitive examination for a permanent appointment to that position under the civil service rules, cannot thereafter contend that his employment continued under his original appointment.

Appeal by the petitioner, Edward A. Hayes, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1900, denying his motion for an alternative writ of mandamus directed to the comptroller of the city of New York and the finance department of that city, commanding the reinstatement of the relator in the office or position of assistant to expert accountants under chapter 669 of the Laws of 1897, and the re-entry of his name upon the payroll.

*William L. Mathot*, for the appellant.

*William B. Crowell*, for the respondents

Ingraham, J. :

The court below denied an application for an alternative writ of mandamus, and the determination of this appeal depends upon the right of the relator to any relief in this proceeding upon the facts alleged and conceded or not disputed. It appears that provision was made by chapter 669 of the Laws of 1897 for the appointment by the comptroller of the city of New York of certain expert accountants and assistants to examine the accounts and financial condition of the municipal or public corporations, or parts thereof,

consolidated by the Greater New York charter. In pursuance of the authority conferred by this act, on or about January 16, 1899, the comptroller appointed the relator as an assistant expert account- ant, and his compensation was fixed at the rate of four dollars per diem. The relator was appointed without civil service examination, and continued in such employment until August 10, 1899. By chapter 370 of the Laws of 1899 the civil service of the city of New York was remodeled and a new civil service commission was appointed. This new commission, under the provisions of that act, framed new rules and regulations for the civil service of the city, which were approved by the State Civil Service Commission, and came in force on the 11th of July, 1899. By rule 34 of the rules and regulations estab- lished under the authority of this act it was provided : " Nor shall any provisional appointment in force at the time of .the adoption and promulgation of these rules continue for a longer period than one month, nor shall successive temporary appointments be made to the same position under this rule." This commission determined that the appointments made by the comptroller under the authority of chapter 669 of the Laws of 1897 were provisional and tempo- rary appointments, and were governed by rule 34 before referred to ; and that on August 10, 1899, these appointments to the posi- tion of accountants and expert accountants under the act of 1897 terminated and the positions were vacant. On the tenth of August the relator was notified that under the rules of the civil serv- ice commission his salary could not be paid to him after that date, but that if he elected to stay and perform the duties of his position, efforts would be made to obtain some compensation for him ; and the relator elected to stay and perform the duties. Sub- sequently he was given a temporary appointment as assistant to the expert accountants for one month from August 10, 1899, which he accepted, this temporary appointment being under rule 34 of the civil service rules, there then being no list as the result of a competi- tive examination from which an appointment to the position could be made. Subsequently, and by a special resolution of the State Civil Service Commission, the relator and the other temporary appointees were permitted to retain their positions until October 14, 1899, during which time he was paid his regular salary of four dollars a day. After October 14, 1899, the relator continued to

work until December 23, 1899, at which date he finally left the department. To secure his compensation for this period an act of the Legislature was necessary, which was passed. (Laws of 1900, chap. 30.) By that act the board of estimate and apportionment were empowered to pay the relator and others for their services performed in the department of finance, and he was paid for the services then rendered up to December 23, 1899, after which time he performed no services in the department. Appointments to these positions were then made from the list received from the civil service commission which was the result of the competitive examination, and the services that had before been performed by the relator under his temporary appointment were performed by appointees under the civil service rules. By the Civil Service Act of 1899 it was provided in section 7 that "No officer or officers having the power of appointment or employment shall select or appoint any person for appointment, employment, promotion or reinstatement except in accordance with the provisions of this act and the rules and regulations prescribed thereunder." The decision of the civil service commission that the appointment of the relator and others under the act of 1897 was a provisional or temporary appointment was acquiesced in by the comptroller and the relator, and when on August 10, 1899, he was appointed a temporary assistant to the expert accountants for one month, from August tenth, under rule 34 of the rules of July 11, 1899, and accepted that appointment, he necessarily vacated the original employment under the act of 1897 and accepted in place thereof a temporary appointment for one month. That he understood the situation is shown by the fact that he was an applicant for the position under the civil service rules by submitting to competitive examination but failed to obtain a rating that would authorize his appointment. If he intended to insist upon the permanency of the original employment under the act of 1897, he was bound to take the position that his removal from such employment was illegal, he having served in the volunteer fire department. His voluntary acceptance of the appointment of August tenth, which was to last one month, and his entering into a competition for the permanent position were entirely inconsistent with his holding the original position to which he now asks to be reinstated. Rule 34, under which he

received his temporary appointment, provides for such an appointment to a position in the competitive class when there is no list of persons eligible for appointment after a competitive examination, and the relator was appointed under this rule.     So far as appears, the relator never was removed from the position to which he was appointed under the act of 1897.     Upon a construction by the Civil Service Commission of the effect of the employment under that act, it was held to be temporary in its character and within the provisions of rule 34, and that such appointment terminated one month after the adoption of the rule.     That was August 10, 1899.     He acquiesced in that decision and accepted a temporary appointment to the same position for one month from August tenth, and thereafter continued in the service of the city, not under his original appointment, but under the temporary appointments; and when these temporary appointments expired the relator was certainly in no position to claim that he was still employed under the original appointment by virtue of the act of 1897.     For this reason, I think, upon the conceded facts, that the relator was not entitled to an alternative writ of mandamus, and the order appealed from should be affirmed, with fifty dollars costs and disbursements.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Order affirmed, with fifty dollars costs and disbursements.